IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

OMAR F. BARNES,

    Plaintiff,

v.

MONTGOMERY COUNTY, *et al.*,

    Defendants.

Civil No. **22-1112 PJM**

## MEMORANDUM OPINION

Omar F. Barnes has sued Montgomery County (the "County"), Maryland and the Montgomery County Police Department ("MCPD") for alleged violations of his Fourth Amendment rights under the United States Constitution arising from injuries allegedly inflicted on him by five officers of the MCPD in the spring of 2019. Defendants have filed a Motion to Dismiss (ECF No. 36) Barnes's Amended Complaint. The Motion has been fully briefed. *See* ECF Nos. 39, 42. The Court finds no hearing necessary. *See* D. Md. Local R. 105.6.

For the reasons that follow, the Court will **GRANT** Defendants' Motion to Dismiss (ECF No. 36) **WITH PREJUDICE** as to the Montgomery County Police Department as such and **WITHOUT PREJUDICE** as to the County, subject to the possible filing of a Second Amended Complaint, as hereinafter discussed.

I.

Barnes alleges that on the evening of May 7, 2019, he was confronted by five plain-clothes MCPD officers at a 7-Eleven convenience store in Silver Spring, Maryland. *See* ECF No. 34

1

(Amended Complaint) ¶ 4. He states that the officers had been deployed to that part of town because of a "rash of robberies that had occurred at similar establishments." *Id.* ¶ 9.

Unbeknownst to Barnes at the time, he apparently fit the description of one of the perpetrators of the robberies. *Id.* ¶ 10. This similarity of appearance apparently led the officers to chase Barnes on foot when he left the 7-Eleven store. *Id.* ¶ 12. When the officers caught up to Barnes in the parking lot of a neighboring laundromat, they allegedly stopped him and "forcibly kicked him to the pavement." *Id.* ¶ 13. Once he was on the ground, Barnes says, the officers "completely surround[ed] and restrain[ed]" him, and two or more of the officers "kicked and punched" him repeatedly. *Id.* Barnes claims that his beating was captured by the body camera worn by another officer, who arrived on the scene with a police dog. *Id.* ¶ 14.

Barnes states that the officers eventually handcuffed him, placed him under arrest, and took him into custody. *Id.* ¶ 15. Once in custody, and presumably removed to a station, he was offered no medical assistance and no MCPD officer checked on his health or wellbeing. *See id.*

It is not actually indicated in either the Original or Amended Complaints how long Barnes remained in custody or, while he was obviously released and presumably never charged with a crime, whether he was ever told his arrest was a mistake or, if so, whether he ever received an apology for the mistaken arrest.

Barnes claims that he suffered serious injuries as a result of the officers' actions, including a "fractured orbital bone, head contusions and lacerations requiring 16 sutures, exacerbation of nasal/sinus conditions, possible [glaucoma], extreme pain, suffering, and anxiety for which he requires a prescription," and that he suffers from "restlessness, loss of sleep, and fear." *Id.* ¶ 16.

On May 6, 2022, Barnes filed a single-count Complaint in this Court, alleging that Defendants had used excessive force on him and thus violated his Fourth Amendment rights under

color of state law, pursuant to 42 U.S.C. § 1983. ECF No. 1. Defendants filed a motion to dismiss the original Complaint. ECF No. 17. Thereafter, Barnes filed a motion for leave to file an Amended Complaint. ECF No. 28. In his Amended Complaint, Barnes has added a new count against Montgomery County under the theory of municipal liability recognized in *Monell v. Department of Social Services*, 436 U.S. 658 (1978). The Amended Complaint also incorporates new allegations with respect to the repeated use of excessive force by the MCPD, as pled by plaintiffs in other cases. *See* ECF No. 34 ¶¶ 32-58 (discussing cases in this District and the Circuit Court for Montgomery County). On June 28, 2023, the Court granted Barnes leave to file his Amended Complaint. *See* ECF No. 33. The Court denied as moot Defendants' prior motion to dismiss. *See id.*

Defendants then filed the present Motion to Dismiss (ECF No. 36) under Federal Rule of Civil Procedure 12(b)(6), arguing that the Amended Complaint still fails to state a claim for which relief may be granted.

## II.

The purpose of Rule 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*,

3

550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

When deciding a motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint[,]" and must "draw all reasonable inferences in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). The court, however, is not required to accept unsupported legal conclusions couched as factual allegations, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *see United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## III.

Defendants first argue that the MCPD is an improper defendant in this case. *See* ECF No. 36-2 at 5-6 (citing *Fields v. Montgomery Cnty.*, Civ. No. DKC-13-3477, 2014 U.S. Dist. 118546, at *4-5 (D. Md. Aug. 26, 2014)). Barnes concedes that the MCPD cannot be sued as an independent entity, but he urges the Court to maintain the MCPD as a "placeholder" defendant to stand in for the John Doe Officers whom he hopes to identify during discovery. *See* ECF No. 39 at 4-5.

Section 1983 creates a cause of action for injured individuals to sue "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution[.]" 42 U.S.C. § 1983. It is well established that "Police Departments are not suable entities" under Section 1983 because they are not "persons" within the meaning of the statue. *See Fields*, 2014 U.S. Dist. LEXIS 118546, at *4 (collecting cases). The MCPD is not a proper defendant here.

4

Nor can the MCPD stand as a placeholder defendant for the five officers who allegedly assaulted Barnes. Currently, the Amended Complaint does not identify the MCPD as a placeholder party, and Barnes has not sought to amend his Complaint to substitute the MCPD with the individual officers. To permit Barnes's claim against the MCPD to proceed as a stand-in for his claims against the individual officers would run counter to the purposes of the pleading requirements of Federal Rule 8, which serve to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Iqbal*, 556 U.S. at 670. It is undisputed that the individual officers, whoever they may be, have not received notice of Barnes's claims against them. Barnes cannot cure one deficiency in his pleading (suing the MCPD) by relying on another (failing to sue the individual officers).

Accordingly, Barnes's claims against the MCPD will be **DISMISSED WITH PREJUDICE**, subject, however, to possible refiling of a further amended complaint as discussed herein.[1]

## IV.

Defendants next argue that Barnes has failed to state a claim against the County for which relief may be granted under *Monell*. A plaintiff who asserts a claim for municipal liability under *Monell* must allege that "they were deprived of a federal statutory or constitutional right; and . . . the deprivation was committed under color of state law." *Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003). As explained in *Lytle*, a "policy or custom for which a municipality may be held liable can arise in four ways:" (a) through an express policy permitting the violation of constitutional

---

[1] Although Defendants suggest that Barnes is foreclosed from adding the individual officers as defendants in their individual capacities through further amendment to his Amended Complaint, *see* ECF No. 42 at 3, Barnes has not, at this time, proposed an additional amendment to sue the officers in their individual capacities. If he does so, which, as provided herein he may do, the Court will consider the viability of such proposed additions at that time.

rights, (b) through the decisions of a person with final policymaking authority who directed the commission of constitutional violations; (c) through egregious omissions, such as a failure to train that results in manifest deliberate indifference to the violation of constitutional rights; or (d) through a pattern or practice of constitutional violations that is so persistent as to constitute a custom or usage with the force of law. *Id.* Barnes contends that he has plausibly alleged a *Monell* claim under both the "failure to train" and "pattern or practice" theories of liability. *See* ECF No. 39 at 9-10. In the alternative, Barnes argues that he has stated a claim for "single-incident liability" against the County under *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986). *Id.* at 8-9.[2]

## A.

To properly state a claim under the "failure to train" theory of municipal liability, courts have long required plaintiffs to identify particular deficiencies in a training program that led to the plaintiff's injuries. *See, e.g., Johnson v. Baltimore Police Dep't*, 452 F. Supp. 3d 283, 309 (D. Md. 2020); *Spell v. McDaniel*, 824 F.2d 1380, 1390 (4th Cir. 1987).

Barnes has not identified any such deficiencies. *See* ECF No. 39 at 6-7. Rather, Barnes alleges that "[t]he failure to properly train, prosecute, supervise, an discipline officers demonstrates a gross disregard for the constitutional rights of the public and [Barnes] and was the proximate cause of the injuries sustained by [him]," ECF No. 34 ¶ 26, and that "Montgomery County has failed to effectively instruct officers that they have a duty to prevent and report excessive force when it occurs." *Id.* ¶ 30. Such allegations amount to little more than conclusory legal arguments that the Court is not bound to accept. *See Papasan*, 478 U.S. at 286. Without more specific factual allegations tending to show that the County failed to train its officers on the constitutional use of

---

[2] Barnes does not argue that the County has an express policy endorsing excessive force, or that a particular final policymaker has directed the use of excessive force by MCPD. Nor does the Amended Complaint contain any factual allegations to state a plausible *Monell* claim under either of these theories.

6

force and that these failures proximately caused his specific injuries, Barnes has failed to state a failure-to-train claim against the County.

### B.

A plaintiff states a claim under *Monell* that a municipality should be held liable for a pattern or practice developed by a municipal police department by alleging that the municipality or its final policymakers had actual or constructive knowledge of the custom and usage, and that those policymakers failed "as a matter of specific intent or deliberate indifference" to correct or terminate the pattern or practice. *Randall v. Prince George's Cnty.*, 302 F.3d 188, 210 (4th Cir. 2002) (quoting *Spell v. McDaniel*, 824 F.2d 1380, 1391 (4th Cir. 1987)).

Barnes argues that the allegations contained in other suits alleging the use of excessive force by MCPD suffice to plead both the County's actual or constructive knowledge of a pattern or practice of excessive force by the police, and the County's deliberate indifference or failure to correct that pattern or practice. ECF No. 39 at 10-11. Defendants contend that those cases are inapplicable here because several of the cases cited by Barnes occurred *after* the five MCPD officers allegedly beat Barnes (thus defeating the County's prior notice of a pattern or practice prior to the incident); allegations of wrongdoing in other complaints are insufficient to establish a municipality's notice of the alleged wrongdoing; and other cited cases were either settled or are still pending, so there has been no judicial finding of excessive force by which the County could receive notice of the alleged pattern or practice. *See* ECF No. 36-2 at 13-14.[3]

---

[3] The Court is not persuaded by Defendants' argument that mere allegations of excessive force, without a finding of fact or verdict confirming that the excessive force took place, can never provide notice to a municipality of a pattern or practice of constitutional violations for purposes of a motion to dismiss. The only case Defendants cite in support is *Amman v. Prince George's County*, Civ. No. DKC 99-3759, 2001 U.S. Dist. LEXIS 8218 (D. Md. June 15, 2001), which was decided on the defendants' motion for summary judgment, not a motion to dismiss. In any event, the Court is only concerned with the question of whether Barnes's assertions as to the allegations in other cases, accepted as true at this stage, suffice to "plausibly support a *Monell* claim." *Owens v. Balt. City State's Attys. Office*, 767 F.3d 379, 403 (4th Cir. 2014).

7

The Court agrees with Defendants that the cases concerning alleged events that were said to have occurred after May 7, 2019, the day of Barnes's alleged assault, cannot serve as similar incidents that provided the County notice of the MCPD's use of excessive force. *See Spell*, 824 F.2d at 1391-92. These include *Pesoa v. Moris*, Case No. 482365V (Md. Cir. Ct.), which Barnes's Amended Complaint identifies as involving excessive force occurring "[o]n or about July 3, 2019," ECF No. 34 ¶ 47; *Palma v. Montgomery County*, No. 8:21-cv-1090 (D. Md.), which is characterized as involving the MCPD's use of excessive force in connection with a no-knock warrant "[o]n or about September 13, 2019," *id.* ¶ 50; and *LeRoux, et al. v. Montgomery County, et al.*, No. 8:22-cv-00856 (D. Md.), which is said to concern the MCPD's alleged shooting of an individual "[o]n or about July 21, 2019," *id.* ¶ 53.

Other cases are identified as "demonstrat[ing] that the Montgomery County Police Department's problematic custom of employing excessive force is continuing in nature," and "the policies and customs of Montgomery County and the gross disregard for the constitutional rights of the public." *Id.* ¶¶ 59-60.[4] The Amended Complaint offers no further description of these cases and provides no factual support for the Court to infer that the County has been put on notice of constitutional violations of the kind that Barnes alleges. *See Lytle*, 326 F.3d at 473 ("[T]here must be numerous *particular* instances of unconstitutional conduct in order to establish a custom or practice") (emphasis added and internal quotation marks omitted).

Of the remaining four cases that the Amended Complaint *does* describe—and which concern events prior to Barnes's alleged assault—only one appears to have involved the use of

---

[4] The Amended Complaint lists the following cases as "currently pending" against the County and Police Department, with no other qualifier or description: "*Bagirova v. Montgomery County, Maryland, et al.*, Case No. 486132V (Md. Cir. Ct.); *Hughes v. Hackley, et al.*, Case No. 483289V (Md. Cir. Ct.); *Killen v. Ratnofsky, et al.*, Case No. C-15-cv-22-00361 (Md. Cir. Ct.); *Palmer v. Jones*, Case No. 06-01-004364 (D. Md.)." ECF No. 34 ¶ 58. Defendants note that at least one of these cases does not contain a Fourth Amendment excessive force claim. *See* ECF No. 36-2 at 15.

excessive force that could be read to have resulted from a case of mistaken identity, as allegedly occurred in Barnes's case. As the Amended Complaint describes it, in *Hayat v. Diaz*, No. 8:20-cv-02994 (D. Md.), MCPD officers arrived at a home to investigate a kidnapping report when the officers, "pinn[ed] down" the plaintiff and "us[ed] a knee hold" on the plaintiff's spine to immobilize him despite the fact that he was not the suspected kidnapper. ECF No. 34 ¶ 43.

The other cases cited by Barnes, by his own account, concern circumstances materially different than those alleged by Barnes.[5] For example, the Amended Complaint describes *Garcia* as involving the use of excessive force in connection with alleged First Amendment retaliation for filming the MCPD's arrest of other individuals. *See* ECF No. 34 ¶ 32.

Absent more examples of "numerous particular instances" of constitutional violations of the kind that Barnes alleges, the Court cannot conclude that he has stated a claim that the County has condoned an unconstitutional pattern or practice of excessive force at the MCPD. *Lytle*, 326 F.3d at 473. His current allegations appear to concern only "isolated incidents of unconstitutional conduct by subordinate employees" under disparate circumstances, which "are not sufficient to establish a custom or practice" under Section 1983. *Id.*[6]

## C.

Barnes additionally posits that the Amended Complaint states a claim for "single-incident liability" against the County. ECF No. 39 at 8-9.

In *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986), the Supreme Court recognized that there may be circumstances where it is appropriate for municipal liability to be imposed "for a

---

[5] These include *Garcia v. Montgomery County*, No. 12-cv-03592 (D. Md.); *Merriam v. Montgomery County, et al.*, No. 8:16-cv-00331 (D. Md.); and *J.A., et al. v. Miranda*, No. 8:16-cv-03953 (D. Md.).

[6] If Barnes supplements his Complaint with additional examples of misconduct of the kind he claims to have suffered or further factual allegations, the Court may reach a different result.

single decision by municipal policymakers." The Supreme Court has since clarified that single-incident liability may arise only in a "narrow range of circumstances," where "the violation may be a highly predictable consequence of the failure to train" such that a finding of "deliberate indifference by policymakers" is justified. *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 399 (1997) (internal quotation marks omitted); *see Canton v. Harris*, 489 U.S. 378 (1989); *Connick v. Thompson*, 563 U.S. 51 (2011). As the Fourth Circuit has cautioned, "a single incident is almost never enough to warrant municipal liability." *Est. of Jones v. City of Martinsburg*, 961 F.3d 661, 672 (4th Cir. 2020). "To prove deliberate indifference based on a single incident, a Plaintiff must show that the constitutional violation at issue was the 'patently obvious' or 'highly predictable' consequence of the municipality's failure to provide additional specified training." *Carrero v. Farrelly*, 270 F. Supp. 3d 851, 865 (D. Md. 2017).

Barnes has not alleged specific deficiencies in the County's training on the use of force by its police officers that would suffice to trigger municipal liability. *See Est. of Jones*, 961 F.3d at 672. Instead, he has provided only conclusory statements or "scattershot accusations of unrelated violations" to show that the County was aware of the use of excessive force by MCPD officers, and he does not adequately plead facts to show that the County was indifferent to the risk of his "specific injury." *Cf. Carrero*, 270 F. Supp. at 865. As currently pled, the Amended Complaint does not state a plausible claim for relief under the "single-incident" theory of municipal liability.

\* \* \*

In sum, Barnes's Amended Complaint fails to state a *Monell* claim against the County under the "failure to train," "pattern or practice," and "single-incident" theories of liability. Accordingly, the Court will **DISMISS WITHOUT PREJUDICE** Barnes's claims against the County, subject to a possible re-filing as indicated at Footnote 1, *supra*.

## V.

For the foregoing reasons, the Court will **ORDER** that:

1. Defendants' Motion to Dismiss (ECF No. 36) is **GRANTED** as follows;

2. Barnes's claims against Defendant Montgomery County Police Department as such are **DISMISSED WITH PREJUDICE** and the Montgomery County Police Department is **DISMISSED** from this case;

3. Barnes's claims against Montgomery County are **DISMISSED WITHOUT PREJUDICE**; provided, however, that:

4. Barnes **SHALL** have thirty (30) days to file a further amended Complaint to cure the pleading deficiencies identified in this Memorandum Opinion and the County **SHALL** have twenty-one (21) days thereafter to file a responsive pleading or renewed motion to dismiss.

A separate Order will **ISSUE**.

December 6, 2023

PETER J. MESSITTE
U.S. District Judge